IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

GUIDEONE MUTUAL INSURANCE COMPANY
and GUIDEONE AMERICA INSURANCE COMPANY                      PLAINTIFFS

V.                                              CIVIL ACTION NO. 1:06-CV-218-SA-JAD

KENNETH ROCK and JANET ROCK                                  DEFENDANTS

**MEMORANDUM OPINION**

Before the Court are motions for summary judgment filed by each side of this case [165, 167]. The Plaintiffs' Motion for Summary Judgment is granted as to the Defendants' bad faith counterclaim but denied as to all other issues. The Defendants' Motion for Summary Judgment is denied.

**I. Background**

On August 27, 2005, a home and two vehicles owned by the Defendants were destroyed by fire. At the time of the loss, the Defendants had a homeowners insurance policy and an automobile insurance policy issued by the Plaintiffs. The Defendants filed insurance claims for the damage to the house, the contents of the house, and the vehicles.

On July 31, 2006, after conducting an investigation into the fire, the Plaintiffs denied the Defendants' claims. The Plaintiffs stated that they were rescinding the Defendants' homeowners policy because of a material misrepresentation in the homeowners policy application. Plaintiffs further stated that the claim would have been denied for the following reasons: breach of the "duties after loss" condition; the loss was excluded under the "intentional acts" provision; and the loss was excluded by the "fraud and concealment" provision. The Plaintiffs also stated that the Defendants' claim under the automobile policy was denied and the policy declared void for the following

reasons: breach of the "duties after loss" condition; the fire was not an accidental loss, and, therefore, was not covered; and the loss was excluded by the "fraud" provision.

The Plaintiffs subsequently filed this declaratory judgment action, asking the Court to find 1) that they are entitled to rescind the homeowners policy and deny the claim under the homeowners policy; 2) or, alternatively, that they are entitled to declare the homeowners policy void and deny the claim under the homeowners policy; 3) that they are entitled to declare the automobile policy void and otherwise deny the claim under the automobile policy; and 4) that they are entitled to other general or special relief, including costs, expenses and attorneys' fees. The Defendants filed counterclaims of bad faith, breach of contract, and fraud in the inducement.

## II. Discussion

Each party has filed a motion for summary judgment. The arguments presented can be reduced to two issues: 1) whether coverage exists under the policies; and 2) whether the Plaintiffs' investigation of the claim and the resulting denial constitute bad faith.

*A.  Summary Judgment Standard*

Upon consideration of a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) ("the burden on the moving party may be discharged by 'showing'... that there is an absence of evidence to support the nonmoving party's case"). The burden then shifts to the nonmovant to "go beyond the pleadings and by... affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex Corp., 477 U.S. at 324, 106 S. Ct. 2548 (citing FED. R. CIV. P. 56(c), (e)). The burden is not discharged by "mere allegations or denials." FED. R. CIV.

P. 56(e). "An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmovant." Agnew v. Wash. Mut. Fin. Group, LLC, 244 F. Supp. 2d 672, 675 (N.D. Miss. 2003) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)).

Rule 56(c) mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322, 106 S. Ct. 2548; FED. R. CIV. P. 56(c); see also Matsushita Elec. Indus. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). The Court is not to weigh the evidence or engage in credibility determinations. Anderson, 477 U.S. at 249, 106 S. Ct. 2505; Deville v. Marcantel, 2009 U.S. App. LEXIS 9403, *10 (5th Cir. May 1, 2009). "[T]he court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." Deville, 2009 U.S. App. LEXIS 9403 at *10.

**B.** *Coverage*

The Plaintiffs argue that there is no coverage for the loss under the homeowners policy as 1) the policy is void because of the Defendants' material misrepresentation concerning Mr. Rock's criminal history; 2) the Defendants made material misrepresentations during the claim process; 3) the Defendants failed to provide relevant information during the claim process; and 4) the fire was intentional. The Plaintiffs further argue that there is no coverage for the loss under the automobile policy because 1) the Defendants made material misrepresentations during the claim process; 2) the Defendants failed to provide relevant information during the claim process; and 3) the fire was intentional.

3

The Defendants contend that both the home and automobile losses were covered by the terms of their respective policies, and they provide various counter arguments to the Plaintiffs' arguments against coverage. The Defendants also contend that the Plaintiffs are estopped from denying the claim or rescinding the policies.

### 1. *Misrepresentations on the Homeowners Application*

"Under Mississippi law, misstatements of material fact in an application for insurance provide grounds for declaring a policy issued in reliance thereon void *ab initio*." Jones v. Reynolds, 2008 U.S. Dist. LEXIS 40120, *7 (N.D. Miss. May 16, 2008) (citing Colonial Life & Accident Ins. Co. v. Cook, 374 So. 2d 1288, 1292 (Miss. 1979)); see also Mass. Mut. Life Ins. Co. v. Nicholson, 775 F. Supp. 954, 959 (N.D. Miss. 1991). For an insurer to establish that an insurance application contains a material misrepresentation, it must show (1) that the application contains answers which are false, incomplete, or misleading; and (2) that the false, incomplete, or misleading answers are material to the risk insured against or contemplated by the policy. Jones, 2008 U.S. Dist. LEXIS 40120 at *7 (citing Carroll v. Metro. Ins. & Annuity Co., 166 F.3d 802, 805 (5th Cir. 1999)). An insurer must prove a material misrepresentation on an insurance application by clear and convincing evidence. Jones, 2008 U.S. Dist. LEXIS 40120 at *8 (citing Gardner v. Wilkinson, 643 F2d 1135, 1136 n. 3 (5th Cir. 1981)). "A misrepresentation is material if knowledge of the true facts would have influenced a prudent insurer in determining whether to accept the risk." Jones, 2008 U.S. Dist. LEXIS 40120 at *8 (citing Nationwide Mut. Fire Ins. Co. v. Dungan, 634 F. Supp. 674, 682 (S.D. Miss. 1986). Materiality is determined by reference to the time of the misrepresentation. Edmiston v. Schellenger, 343 So. 2d 465, 467 (Miss. 1977).

However, an insurer's right to rescind is removed if the insurer's agent "takes charge of the

4

preparation of the application and records the information inaccurately." Mass. Mut. Life Ins. Co., 775 F. Supp. at 961 (citing Nat'l Life & Accident Ins. Co. v. Miller, 484 So. 2d 329, 334 (Miss. 1985)) (internal quotations omitted). Furthermore, an insurer:

> has no right to rescind the policy because there was information, not asked for on the application and not volunteered by the applicant, the knowledge of which would have caused the company to refuse to insure. If the company intends to rely exclusively on the application, it should ask questions tailored to elicit all the information that it needs. An applicant has neither concealed nor misrepresented information when he has answered fully and truthfully all the questions asked of him.

Mattox v. W. Fid. Ins. Co., 694 F. Supp. 210, 216-17 (N.D. Miss. 1988) (citing Liverpool & London & Globe Ins. Co. v. Delaney, 200 So. 440 (1941)). Therefore, an insurer is not allowed to rescind the policy if its insured acted "in good faith throughout, and . . . the false answers were inserted without his knowledge or consent." Mass. Mut. Life Ins. Co., 775 F. Supp. at 961 (citing Guy v. Commonwealth Ins. Co., 698 F. Supp. 1305 (N.D. Miss. 1988)) (internal quotations omitted).

The Defendants' application for homeowners insurance includes the following question: "Has any household member been convicted of anything other than a traffic violation, or is any lawsuit or litigation pending?" The box for "No" is marked in response. Tina Bailey, the Plaintiffs' agent, testified that, in order to print out a copy of the application, she had to insert answers to the various questions and then, after verbally asking the Defendants the questions, make changes to the application before submitting it. The application does, in fact, have several answers marked out and replaced with alternative, handwritten answers.

However, the record contains testimony from both Defendants - by way of affidavits and the transcripts of their examinations under oath - that Bailey never asked them the questions from the application. Each Defendant alleges that they never represented to Bailey that no one in the household had been convicted of a crime.

5

As evidenced by the conflicting testimony cited above, a genuine issue of material fact exists as to whether the Plaintiffs' agent asked the Defendants the question about prior criminal convictions. Therefore, the Plaintiffs' Motion for Summary Judgment on the basis of a material misrepresentation on the insurance application is denied. Further, the Defendants' Motion for Summary Judgment is denied insofar as the Defendants request that the Court find that 1) the Plaintiffs' stated grounds for rescission are without a valid basis in law, and 2) the Defendants' homeowners claim is covered under the relevant policy.

2. *Duties After the Loss*

The homeowners policy that the Plaintiffs issued to the Defendants contained the following condition:

> Under SECTION I - PROPERTY COVERAGES, with respect to all "insureds" covered under this policy, we provide no coverage for loss under SECTION I - PROPERTY COVERAGES if, whether before or after a loss, one or more "insureds" have:
>
> (1) Intentionally concealed or misrepresented any material fact or circumstance;
> (2) Engaged in fraudulent conduct; or
> (3) Made false statements;
>
> relating to this insurance.

The homeowners policy also stated that in the event of a loss, the policyholder must, as often as the insurer reasonably requires, "[p]rovide [the insurer] with records and documents that [it] request[s] and permit [it] to make copies."

The automobile policy contained similar provisions. First, it stated that the insurer has no duty to provide coverage under the automobile policy unless the insured has fully complied with his duty to "[c]ooperate with [the insurer] in the investigation, settlement or defense of any claim or

6

suit" and his duty to authorize the insurer to obtain "pertinent records." Second, it states, "We do not provide coverage for any 'insured' who has made fraudulent statements or engaged in fraudulent conduct in connection with any accident or loss for which coverage is sought under this policy."

The Plaintiffs argue that the Defendants breached their duties under each policy by 1) making misrepresentations and/or inconsistencies throughout the claim handling process and 2) failing to provide relevant information throughout the claim handling process.

Clauses in insurance policies that forbid concealment by the insured are reasonable and valid under Mississippi law. S. Guaranty Ins. Co. v. Dean, 172 So. 2d 553, 556 (Miss. 1965). An insurance company seeking to avoid payment of a claim on the basis of "concealment" must establish that statements made by the insured were 1) false, 2) material, and 3) knowingly and willfully made. Clark v. Aetna Cas. & Surety Co., 778 F.2d 242, 245 (5th Cir. 1985) (citing Taylor v. Firemen's Fund Ins. Co., 306 So. 2d 638, 644 (Miss. 1975)); Guideone Mut. Ins. Co. v. Hall, 2008 U.S. Dist. LEXIS 5512, *11 (N.D. Miss. July 18, 2008); Nationwide Mut. Fire Ins. Co., 634 F. Supp. at 682. Further, a policyholder's refusal to answer material questions will likewise bar recovery under an insurance policy. Edmiston, 343 So. 2d at 467.

Mississippi courts take a broad view of materiality in this context. Id. at 466. The Mississippi Supreme Court has suggested that a fact is material if it "enable[s] the Company to possess itself of all knowledge, and all information as to other sources and means of knowledge" of facts material to the insurer's rights. Id. at 466-67 (citing Standard Ins. Co. v. Anderson, 86 So. 2d 298, 301-02 (Miss. 1956)). The purpose of this is "to enable [the insurer] to decide upon their obligations, and to protect them against false claims." Id. Anything that may "have a bearing on the insurance and the loss" is material. S. Guaranty Ins. Co., 172 So.2d at 556. More specifically,

7

an insured's financial matters are material to a fire investigation. Nationwide Mut. Fire Ins. Co., 634 F. Supp. at 683; Monticello Ins. Co. v. Mooney, 733 So. 2d 802, 807 (Miss. 1999). An insured is required to give an insurer the "best information obtainable." S. Guaranty Ins. Co., 172 So. 2d at 556.

The Plaintiffs argue that the Defendants made material misrepresentations and/or gave inconsistent statements as to their financial condition and as to Defendant Kenneth Rock's criminal background. In support of this argument, the Plaintiffs point out inconsistent testimony from the Defendants among the following sources: recorded statements taken by the Plaintiffs' adjustor, examinations under oath, and depositions.

However, the transcripts of the unsworn recorded statements taken by Plaintiffs' adjustor are not proper summary judgment evidence, and, as such, may not be considered by the Court. Larry v. White, 929 F.2d 206, 211 n. 12 (5th Cir. 1991) ("Unsworn pleadings, memoranda, or the like are not, of course, competent summary judgment evidence."); Gordon v. Watson, 622 F.2d 120, 123 (5th Cir. 1980) (court may not consider unsworn statements upon determination of the propriety of a motion for summary judgment). Further, the Plaintiffs have not provided the Court with transcripts of the depositions of the Defendants, and the Plaintiffs' quotations from the depositions - included in their briefing on the motions for summary judgment - are not proper summary judgment evidence. Larry, 929 F.2d at 211 n. 12.

The Plaintiffs have also presented evidence suggesting that the Defendants' testimony during their examinations under oath conflicted with information gathered from other sources - such as tax returns, court records, and credit reports. However, granting summary judgment in favor of the Plaintiffs based on any of these inconsistencies would require the Court to make impermissible

8

credibility determinations, in that it would require the Court to either 1) give greater consideration to the Plaintiffs' documentary evidence than it does to the Defendants' sworn testimony or 2) discount the Defendants' sworn testimony denying knowledge or recollection of the answers to certain questions asked during the examinations under oath. Therefore, a genuine issue of disputed material fact exists as to whether the Defendants made material misrepresentations during the claim process, and the Plaintiffs' motion for summary judgment on that basis is denied.

The Plaintiffs also argue that the Defendants have failed to provide documents necessary to the investigation of the loss. The simple act of answering questions to the best of one's knowledge may be insufficient for an insurer to discern any potential monetary motive underlying a fire loss, and insurers are therefore entitled to reliable documentation to support and supplement an insured's answers to questions asked in an examination under oath. Monticello Ins. Co., 733 So. 2d at 808. Belated offers after an insurer has filed a declaratory judgment action do not cure such a breach of the policy, even in cases where the insured grants the insurer authorization to access their private financial records. Id. at 807-08.

Defendants testified that they either did not possess certain documents requested by the Plaintiffs or that the documents requested had been destroyed in the fire; as such, granting summary judgment on the basis of non-production of such records would require the Court to discount the Defendants' sworn testimony. Furthermore, the forensic accounting report that the Plaintiffs have presented lists several documents responsive to questions that the Defendants were unable to answer during their examinations under oath. However, the report does not state when or from what source the Plaintiffs obtained these documents before providing them to the forensic accountant.

Therefore, a genuine issue of material fact exists as to whether the Defendants failed to

9

provide documentation necessary to the investigation of the loss, and the Plaintiffs' Motion for Summary Judgment on that basis is denied. Further, the Defendants' Motion for Summary Judgment is denied insofar as Defendants ask the Court to find that 1) their claims are covered under the automobile policy; 2) the Plaintiffs' stated grounds for denial of their claims are without a valid basis in law; and 3) the Plaintiffs are obligated to pay their claims.

   *3.     Arson*

"Under Mississippi law, willful incendiarism by an insured is a defense to the insurer's liability." McGory v. Allstate Ins. Co., 527 So. 2d 632, 634 (Miss. 1988) (citing Davidson v. State Farm Fire & Cas. Co., 641 F. Supp. 503, 507 (N.D. Miss. 1986)); see also Reed v. Nationwide Mut. Fire Ins. Co., 2007 WL 3357140, *1 (S.D. Miss. Nov. 9, 2007). The defense is available even if the policy does not specifically exclude coverage in cases of arson. McGory, 527 So. 2d at 634. Because arson is rarely witnessed, an insurer may establish a defense of arson through circumstantial evidence by proving the following elements: 1) an incendiary fire; 2) motive of the insured to destroy the property; and 3) evidence that the insured had the opportunity to set the fire or to procure its being set by another. Id. at 634-35. The insurer must prove each element by clear and convincing evidence. Id. at 636.

Summary judgment as to the Plaintiffs' arson argument would be inappropriate, in that there remains a genuine issue of disputed fact as to the final element of the defense[1] - whether the Defendants had opportunity to either set the fire themselves or to procure its being set by another. The Defendants both testified that they were in Philadelphia, Mississippi, at the time of the fire. The

---

[1] The Court does not express any opinion as to whether there exist genuine issues of disputed fact as to the remaining elements of civil arson.

Plaintiffs have presented no evidence to contradict this assertion. Further, the Plaintiffs have offered no evidence to suggest that the Defendants had someone else set the fire. Therefore, a genuine issue of material fact exists as to at least one element of civil arson, and the Plaintiffs' Motion for Summary Judgment on that basis is denied.

*4.     Failure to Produce Children for Examination Under Oath*

Clauses in insurance policies that require the policyholder to submit to an examination under oath are reasonable and valid in Mississippi. Monticello Ins. Co., 733 So. 2d at 806; Allison v. State Farm Fire & Cas. Co., 543 So. 2d 661, 663 (Miss. 1989). Failure to submit to an examination under oath when obligated to under the policy precludes coverage of the loss as a matter of law. Allison, 543 So. 2d at 663; U.S. Fid. & Guar. Co. v. Wigginton, 964 F.2d 487, 490 (5th Cir. 1992). However, the obligation is contractual in nature, and even persons with information material to the investigation of a fire loss are not required to submit to an examination under oath if not required to by the policy. Monticello Ins. Co., 733 So. 2d at 806-07 (husband was not required to submit to examination under oath because he was not an "insured" according to the terms of the policy).

The homeowners policy states:

**2.     Your Duties After Loss.** In case of a loss to covered property, you must see that the following are done:
. . .
    **f.**     As often as we reasonably require:
. . .
        (**3**) Submit to questions under oath while not in the presence of any other "insured," and sign and swear to them.

The "definitions" section of the homeowners policy states, "In this policy, 'you' and 'your' refer to the 'named insured' show in the Declarations and the spouse if a resident of the same household." The declarations page of the policy lists Janet Rock and Kenneth Rock as the named insured.

11

Therefore, Defendants' refusal to produce their children for examination under oath is not a breach of the homeowners policy.

Likewise, the automobile policy states:

We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:
> . . .
> B. A person seeking any coverage must:
> > . . .
> > 3. Submit, as often as we reasonably require:
> > > . . .
> > > b. To examination under oath and subscribe the same.

The Defendants' children are not seeking coverage under the automobile policy, and, therefore, the Defendants' refusal to produce their children for examination under oath is not a breach of the automobile policy.

The Plaintiffs' Motion for Summary Judgment on the basis of the Defendants' failure to produce their children for examination under oath is denied.

     *5.*     *Promissory Estoppel*

The Defendants argue that even if a genuine issue of material fact exists as to whether the Plaintiffs' agent asked the Defendants about any prior criminal convictions, summary judgment in their favor is appropriate nonetheless on the basis of promissory estoppel. Defendants argue that the Plaintiffs are estopped from denying coverage on the basis of Defendant Kenneth Rock's criminal history because the Plaintiffs failed to check the Defendants' criminal backgrounds during the underwriting process.

The elements of promissory estoppel are "(1) a promise; (2) that induces action of a definite or substantial character on the part of the promisee; and (3) that the promisor reasonably should have expected the promisee's action." Wayne Griffin & Sons v. U.S. Fid. & Guar. Co., 1995 U.S. Dist.

LEXIS 21675, *10 n. 8 (N.D. Miss. Jan. 9, 1995) (citing Solomon v. Walgreen, 975 F.2d 1086, 1091 (5th Cir. 1992)).

The Defendants' argument is essentially that the Plaintiffs are estopped from denying coverage and rescinding the homeowners policy regardless of whether the Plaintiffs' agent asked the criminal background question from the application. However, insurers are entitled to "rely on the information supplied in the application in determining whether or not to accept the risk." Mass. Mut. Life Ins. Co., 775 F. Supp. at 960 (citing Mattox, 694 F. Supp. at 216). "[T]here is no duty on the insurer to investigate an applicant upon receipt of the application." Mattox, 694 F. Supp. at 216. Furthermore, the Defendants have not alleged that the Plaintiffs' agent promised any coverage outside the terms of the policy, and promissory estoppel can not extend coverage or create coverage that is otherwise not afforded within the terms of the policy. Employers Fire Ins. Co. v. Speed, 133 So. 2d 627, 629 (Miss. 1961). Therefore, the Defendants' Motion for Summary Judgment on the basis of promissory estoppel is denied.

### C. Bad Faith

The Defendants allege in their counterclaim that the Plaintiffs exhibited bad faith in the denial and investigation of their claim. In Mississippi, "insurers have a duty to perform a prompt and adequate investigation and make a reasonable, good faith decision based on that investigation and may be liable for punitive damages for denying a claim in bad faith." Broussard v. State Farm Fire & Cas. Co., 523 F.3d 618, 627 (5th Cir. 2008) (citing Liberty Mut. Ins. Co. v. McKneely, 862 So. 2d 530, 535 (Miss. 2003)). The insured must prove that the insurer acted in bad faith by clear and convincing evidence. Id. at 628; Miss. Code Ann. § 11-1-65(1)(a).

To recover punitive damages for bad faith in the investigation of a claim, an insured must

13

show more than mere negligence. Murphree v. Fed. Ins. Co., 707 So. 2d 523, 531 (Miss. 1997). "[T]he level of negligence must be such that a proper investigation by the insurer would easily adduce evidence showing its defenses to be without merit . . ." Id. (citing Szumigala v. Nationwide Mut. Ins. Co., 853 F.2d 274, 280 (5th Cir. 1988)) (internal quotation omitted). The Defendants "must show that the insurer denied the claim (1) without an arguable or legitimate basis, either in fact or law, and (2) with malice or gross negligence in disregard of an insured's rights." Broussard, 523 F.3d at 628 (citing Wigginton, 964 F.2d at 492). The question of whether the insurer had an arguable reason for denial is an issue of law for the court. Id. "An arguable basis is a reason sufficiently supported by credible evidence as to lead a reasonable insurer to deny the claim." Sobley v. S. Natural Gas Co., 302 F.3d 325, 342 (5th Cir. 2002) (citing State Farm Mut. Auto.Ins. Co. v. Grimes, 722 So. 2d 637, 642 (Miss. 1998)). An exclusion or defense may constitute an arguable basis even if it does not ultimately bar coverage. Id. at 341.

The undisputed evidence in the record establishes that Plaintiffs had arguable reason to deny the Defendants' claim. Plaintiffs retained an independent investigator to determine the cause and origin of the loss. That investigator determined that the fire was incendiary in nature, based on the physical evidence at the scene and a neighbor who claimed to have seen a vehicle leaving the house shortly after the fire started. The Defendants claimed a considerable amount of lost property, yet, in their examinations under oath, they were neither able to give an estimate of their income over the period of time between a prior fire loss and the subject loss nor able to provide documentation of their income. Finally, the Plaintiffs discovered that one of the Defendants had a prior felony conviction that was not disclosed on the homeowners application.

The Plaintiffs' reasons for denying payment are based on valid provisions of the policies at

issue and are not the sort of tortious conduct necessary to support a claim of bad faith. Jones, 2008 U.S. Dist. LEXIS 40120 at *21-*22. Furthermore, the Defendants have presented no evidence of any actions or inactions on the part of the Plaintiffs that approach the level of conscious wrongdoing, dishonest purpose, willful wrong, malice, or reckless disregard of an insured's rights necessary to support a claim of bad faith. See Liberty Mut. Life Ins. Co., 862 So. 2d at 533; Bailey v. Bailey, 724 So.2d 335, 338 (Miss. 1998).

Therefore, summary judgment in favor of the Plaintiffs as to the Defendants' bad faith counterclaim is granted.

## IV. Conclusion

For the reasons stated above, the Plaintiffs' Motion for Summary Judgment is **GRANTED** as to the Defendants' bad faith counterclaim and **DENIED** as to all other issues. The Defendants' Motion for Summary Judgment is **DENIED**. A separate order consistent with this opinion shall issue on this the 29th day of June, 2009.

                                       **/s/ Sharion Aycock**
                                       **UNITED STATES DISTRICT JUDGE**