**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**GUIDEONE MUTUAL INSURANCE COMPANY**
**and GUIDEONE AMERICA INSURANCE COMPANY**                     **PLAINTIFFS**

**V.**                                          **CIVIL ACTION NO. 1:06-CV-218-SA-JAD**

**KENNETH ROCK and JANET ROCK**                                 **DEFENDANTS**

**ORDER**

Currently before the Court are the Defendants' Motion to Strike and for Sanctions [232] and the Defendants' Second Motion to Strike and For Sanctions [241]. For the reasons stated below, both of the Defendants' Motions to Strike and for Sanctions are **DENIED**. Further, the Court amends its order of July 6, 2009, and sets July 20, 2009, as the deadline for Defendants' response to the Plaintiffs' Motion for Partial Summary Judgment [231].

**I. Motions to Strike**

The deadline for filing dispositive motions in this matter was April 17, 2009. The Plaintiffs filed a Motion for Partial Summary Judgment on July 6, 2009, over two and a half months after the dispositive motions deadline had passed and approximately three weeks before trial. The Defendants promptly moved that the Court strike the Plaintiffs' Motion for Partial Summary Judgment and impose sanctions upon the Plaintiffs for the out-of-time filing.

Rule 56 states, "A party against whom relief is sought may move at any time, with or without supporting affidavits, for summary judgment on all or part of the claim." FED. R. CIV. P. 56(b). However, "[t]he motion must be served at least 10 days before the day set for hearing." FED. R. CIV. P. 56(c). The Fifth Circuit Court of Appeals has clarified that if a defendant moves for summary judgment before trial, the motion is timely under Rule 56(b). Johnson v. United States, 460 F.3d 616, 619 (5th Cir. 2006) (citing Guillory v. Domtar Indus., 95 F.3d 1320, 1328 (5th Cir. 1996)). The

Court must, however, allow ten days for the non-movant to respond to the motion for summary judgment. Id. at 619 n. 2 (citing Daniels v. Morris, 746 F.2d 271, 274-75 (5th Cir. 1984)).

Therefore, the Defendants' Motion to Strike [232] is **DENIED**. Further, the Court's earlier order setting July 10, 2009, as the Defendants' deadline to respond to the Motion for Partial Summary Judgment is amended, and the Defendants' deadline to respond to the Plaintiffs' Motion for Partial Summary Judgment is July 20, 2009. For the same reasons stated above, the Defendants' Second Motion to Strike [241] is **DENIED**.

## II. Sanctions

Rule 16(f) provides that the Court may impose "just" sanctions if a party or its attorney "fails to obey a scheduling or other pretrial order." FED. R. CIV. P. 16(f)(1)(c). The Court may likewise order the party in violation of the scheduling order to pay reasonable fees and costs, "unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." FED. R. CIV. P. 16(f)(2). Imposition of sanctions, fees, or costs would not be just in this case, in that the Rules of Civil Procedure clearly allow a counter-defendant to file a motion for summary judgment as to a claim against it at any time before trial. FED. R. CIV. P. 56(b); Johnson, 460 F.3d at 619.

## III. Conclusions

Therefore, the Defendants' Motions to Strike and for Sanctions [232, 241] are **DENIED**. The Court's order of July 6, 2009, is amended, and the Defendants' deadline for response to the Plaintiffs' Motion for Partial Summary Judgment [231] is July 20, 2009. So ordered on this the 10th day of July, 2009.

                                         **/s/ Sharion Aycock**
                                         **UNITED STATES DISTRICT JUDGE**