IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

GUIDEONE MUTUAL INSURANCE COMPANY
and GUIDEONE AMERICA INSURANCE COMPANY                            PLAINTIFFS

V.                                                    CIVIL ACTION NO. 1:06-CV-218-SA-JAD

KENNETH ROCK and JANET ROCK                                        DEFENDANTS

## ORDER

Currently before the Court is the Plaintiffs' Motion for Partial Summary Judgment [231]. For the reasons stated below, the motion is **GRANTED**.

### I. Background

On August 27, 2005, a home and two vehicles owned by the Defendants were destroyed by fire. At the time of the loss, the Defendants had a homeowners insurance policy and an automobile insurance policy issued by the Plaintiffs. The Defendants filed insurance claims for the damage to the house, the contents of the house, and the vehicles.

On July 31, 2006, after conducting an investigation into the fire, the Plaintiffs denied the Defendants' claims. The Plaintiffs stated that they were rescinding the Defendants' homeowners policy because of a material misrepresentation in the homeowners policy application. Plaintiffs further stated that the claim would have been denied nonetheless for the following reasons: breach of the "duties after loss" condition; the loss was excluded under the "intentional acts" provision; and the loss was excluded by the "fraud and concealment" provision. The Plaintiffs also stated that the Defendants' claim under the automobile policy was denied and the policy declared void for the following reasons: breach of the "duties after loss" condition; the fire was not an accidental loss, and, therefore, was not covered; and the loss was excluded by the "fraud" provision.

The Plaintiffs subsequently filed this declaratory judgment action, asking the Court to find

1) that they are entitled to rescind the homeowners policy and deny the claim under the homeowners policy; 2) or, alternatively, that they are entitled to declare the homeowners policy void and deny the claim under the homeowners policy; 3) that they are entitled to declare the automobile policy void and otherwise deny the claim under the automobile policy; and 4) that they are entitled to other general or special relief, including costs, expenses and attorneys' fees.

The Defendants asserted counterclaims in their answer, including a counterclaim of fraud in the inducement. On July 6, 2009, the Plaintiffs filed a Motion for Partial Summary Judgment as to the fraud in the inducement claim.

## II. Summary Judgment Standard

Upon consideration of a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) ("the burden on the moving party may be discharged by 'showing'... that there is an absence of evidence to support the nonmoving party's case"). The burden then shifts to the nonmovant to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " Celotex Corp., 477 U.S. at 324, 106 S. Ct. 2548 (citing FED. R. CIV. P. 56(c), (e)). The burden is not discharged by "mere allegations or denials." FED. R. CIV. P. 56(e). "An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmovant." Agnew v. Wash. Mut. Fin. Group, LLC, 244 F. Supp. 2d 672, 675 (N.D. Miss. 2003) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)).

Rule 56(c) mandates the entry of summary judgment "against a party who fails to make a

showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322, 106 S. Ct. 2548; FED. R. CIV. P. 56(c); see also Matsushita Elec. Indus. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). The Court is not to weigh the evidence or engage in credibility determinations. Anderson, 477 U.S. at 249, 106 S. Ct. 2505; Deville v. Marcantel, 2009 U.S. App. LEXIS 9403, *10 (5th Cir. May 1, 2009). "[T]he court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." Deville, 2009 U.S. App. LEXIS 9403 at *10.

### III. Discussion

Defendants allege that Plaintiffs made oral promises for the purpose of inducing Defendants to enter the insurance contracts at issue in this case.[1] Specifically, Defendants claim that the Plaintiffs' agent told them that they would be covered in the event of a loss. Defendants further allege that they entered the contracts and paid premiums in justifiable reliance upon those promises.

"Fraud in the inducement arises when a party to a contract makes a fraudulent misrepresentation, i.e., by asserting information he knows to be untrue, for the purpose of inducing

---

[1] The Defendants' counterclaim also states that the Plaintiffs made written promises contained in the policies at issue. Written promises in the contracts could not logically have induced the Defendants to enter the contracts. Therefore, the Court interprets this as more akin to an allegation of breach of contract.
  In their briefing on this issue, the Defendants also assert that the Plaintiffs' agent made written misrepresentations to them in the insurance applications. Assuming, for the sake of this motion, that the Plaintiffs' allegations on this point are true, any alleged misrepresentations on the application can not support a claim that the Plaintiffs' agent fraudulently induced them to enter the contract at issue, in that said representations were not made to the insureds, but, rather, they were made to the insurer. While these late allegations of further inaccuracies on the application may be relevant to the issue of whether the Plaintiffs may rescind the policy because of the alleged inaccurate criminal history answer, they have no relevance to the issue of whether the Defendants were fraudulently induced into entering the contract in the first place.

3

the innocent party to enter into a contract." Lacy v. Morrison, 906 So. 2d 126, 129 (Miss. Ct. App. 2004) (citing Great S. Nat'l Bank v. McCullough Envtl. Servs. Inc., 595 So. 2d 1282, 1289 (Miss. 1992)). To establish fraud in the inducement, a party must prove, by clear and convincing evidence, the following elements:

> (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted on by the person and in the matter reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance upon its truth; (8) his right to rely thereon; (9) his consequent and proximate injury.

Id.

However, "[i]n the face of an insurance contract, a party's reliance upon contrary representations by the agent is unreasonable." Snyder v. Travelers Indem. Co., 2008 U.S. Dist. LEXIS 62792, *10 (S.D. Miss. Aug. 14, 2008) (citing Hutton v. Am. Gen. Life & Acc. Ins. Co., 909 So. 2d 87, 95 (Miss. Ct. App. 2005)); see also Stephens v. Equitable Life Assurance Soc'y of the United States, 850 So. 2d 78, 82 (Miss. 2003) ("Insureds are bound as a matter of law by the knowledge of the contents of a contract in which they entered notwithstanding whether they actually read the policy."); Russell v. Performance Toyota, Inc., 826 So. 2d 719, 726 (Miss. 2002) ("In Mississippi, a person is charged with knowing the contents of any document that he executes."); Godfrey, Bassett & Kuykendall Architects, Ltd. v. Huntington Lumber & Supply Co., Inc., 584 So. 2d 1254, 1257 (Miss. 1991) ("[A] party is under an obligation to read a contract before signing it, and will not as a general rule be heard to complain of an oral misrepresentation the error of which would have been disclosed by reading the contract.").

The Fifth Circuit Court of Appeals has addressed this issue: "A party is under an obligation to read a contract before signing it, and will not as a general rule be heard to complain of an oral

misrepresentation the error of which would have been disclosed by reading the contract." Ross v. Citifinancial, Inc., 344 F.3d 458, 465 (5th Cir. 2003), *cert. denied*, 546 U.S. 813, 126 S. Ct. 335, 163 L. Ed. 2d 48 (2005). The Court went on to explain that there were "two exceptions to the general rule that knowledge of written terms is imputed to contract signatories: fraud in factum and equitable relief." Id. The equitable relief exception does not apply to this case, as the Defendants are not seeking equitable relief. Rather, they are seeking damages. Therefore, the only possible exception to the "duty to read" rule of which the Defendants may avail themselves is "fraud in factum." The Court notes that the Defendants have specifically alleged fraud in the inducement - not fraud in factum. However, the Court will nonetheless analyze the Defendants' allegations in light of the theory of fraud in factum.

Fraud in the inducement is "fraud connected with the underlying transaction and not with the nature of the contract or document signed." Id. Whereas, fraud in factum is a "misrepresentation as to the nature of a writing that a person signs with neither knowledge nor reasonable opportunity to obtain knowledge of its character or essential terms." Id. (citing FDIC v. Firemen's Ins. Co., 109 F.3d 1084, 1089 n. 1 (5th Cir. 1997)); see also Barnes v. First Franklin Fin. Corp., 313 F. Supp. 2d 634, 640 (S.D. Miss. 2004). Therefore, if an insured has either knowledge or a reasonable opportunity to obtain knowledge of an insurance policy's character or essential terms, he has no claim of fraud in factum.

Mississippi law is clear that a party's reliance on representations by an insurance agent that contradict the policy language is unreasonable. Snyder, 2008 U.S. Dist. LEXIS 62792 at *10; Leonard v. Nationwide Mut. Ins. Co., 499 F.3d 419, 438-39 (5th Cir. 2007); Ross, 344 F.3d at 464. The only exception to this rule is if the policy language is ambiguous, and the Defendants have made

5

no such allegation. Leonard, 499 F.3d at 438-39 (citing Am. States Ins. Co. v. Natchez Steam Laundry, 131 F.3d 551, 555 (5th Cir. 1998)). Therefore, the Defendants' reliance on any alleged misrepresentation by the Plaintiffs' agent that they would be covered in the event of a loss was unreasonable, in that the policies at issue clearly and unambiguously contain exclusions from coverage, conditions for coverage, and various other provisions that limit coverage to specific circumstances. Whether the policies at issue provide coverage under the circumstances of this case is the issue that remains before the Court.

One of the elements of fraudulent inducement is that the party relying on the misrepresentation must have a right to rely on it. Lacy, 906 So. 2d at 129. A signatory to an insurance contract has no right to rely on misrepresentations by the agent that are contrary to the terms of the contract. Leonard, 499 F.3d at 438-39 (a party's reliance on representations by an insurance agent that contradict the policy language is unreasonable; an insured has an affirmative duty to read the policy); Barhonovich v. Am. Nat'l Ins. Co., 947 F.2d 775, 778 (5th Cir. 1991) (reliance on an agent's misrepresentation was not reasonable when contrary to the terms of the contract); Snyder, 2008 U.S. Dist. LEXIS 62792 at *10; Am. Gen. Fin. Servs. Inc. v. Griffin, 327 F. Supp. 2d 678, 684 (N.D. Miss. 2004) (knowledge of a contract's terms is imputed to parties irrespective of whether they read the contract) (citing Wash. Mut. Fin. Group, LLC v. Bailey, 364 F.3d 260, 264 (5th Cir. 2004)); Am. Income Life Ins. Co. v. Hollins, 830 So. 2d 1230, 1238 (Miss. 2002) (insured does not have the right to rely on fraudulent statements made by an insurance agent that directly conflict with the terms of the policy).

Therefore, the Court **GRANTS** the Plaintiffs' Motion for Partial Summary Judgment [231]. So ordered on this the 22nd day of July, 2009.

/s/ Sharion Aycock  
**UNITED STATES DISTRICT JUDGE**