**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

GUIDEONE MUTUAL INSURANCE COMPANY
and GUIDEONE AMERICA INSURANCE COMPANY					PLAINTIFFS

V.							CIVIL ACTION NO. 1:06-CV-218-SA-JAD

KENNETH ROCK and JANET ROCK						DEFENDANTS

**MEMORANDUM OPINION**

On July 26, 2009, the Court entered a Text Order denying the Defendants' Motion to Continue [256]. The Court issues the following opinion in support of that Order.

**I. Procedural Background**

The Plaintiffs filed their Complaint for declaratory judgment on July 31, 2006. On November 20, 2006, the Defendants answered the Complaint and asserted counterclaims of bad faith, tortious breach of contract, and fraud in the inducement. On December 7, 2006, Plaintiffs moved for an extension of time in which to answer the Defendants' counterclaims, on the basis that Plaintiffs had just retained new counsel. Plaintiff then filed a motion for their attorney of record, Dan Webb, to withdraw, and for Marc Amos to be substituted. On December 14, 2006, the Court granted Plaintiffs' motion for an extension of time to answer the Defendants' counterclaims, and on December 18, 2006, the Court granted Plaintiffs' Motion to Withdraw and Substitute Attorney. On December 29, 2006, the Plaintiffs answered the Defendants' counterclaims.

On April 18, 2007, the Court issued a Case Management Order, setting the following deadlines: an amendments/joinder of parties deadline of May 31, 2007; a discovery deadline of October 19, 2007; Defendants' designation of experts deadline of September 3, 2007; and a dispositive motions deadline of November 2, 2007. The following day, the Court gave notice to the parties that trial was set for May 19, 2008.

On April 30, 2007, Plaintiffs filed a motion for an extension of time for submission of their initial disclosures, claiming that they required more time in which to number documents and prepare their privilege log. The Court granted the motion on May 1, 2007.

On August 4, 2007, Plaintiffs filed a motion for an extension of time for designation of their expert witnesses, stating that they awaited responses to subpoenas and that they had yet to depose the Defendants. Plaintiffs' counsel stated that the extension was further required by factors related to the dissolution of his former law firm. On August 6, 2007, the Court granted Plaintiffs' motion, and reset the following deadlines: Plaintiffs' designation of experts was due by September 3, 2007; Defendants' designation of experts was due by October 3, 2007; and discovery was due by November 21, 2007; and dispositive motions were due by December 12, 2007.

On September 28, 2007, the Defendants filed a motion to compel responses to certain discovery requests. Plaintiffs subsequently filed a motion for an extension of time in which to respond to the motion to compel. Plaintiffs' counsel asserted that, due to his schedule, he had not had sufficient time in which to complete the response. The Court granted the Plaintiffs' motion for an extension. Then, the Court granted an *ex parte* motion by Defendants to extend the time period in which they could submit a rebuttal brief.

On October 31, 2007, the case was reassigned to the undersigned Judge for all further proceedings. Shortly thereafter, on November 6, 2007, the Court reset the discovery deadline for February 21, 2008, and reset the dispositive motions deadline for March 13, 2008.

On November 12, 2007, Defendants filed a motion to compel the production of certain materials that the Plaintiffs contended were protected by the work-product doctrine and attorney-client privilege. On November 14, 2007, the Court granted Plaintiffs an extension of time in which to respond to that motion. The Court also granted Plaintiffs an extension of time in which to submit

a rebuttal memorandum in support of their motion for a protective order.

On November 21, 2007, Plaintiffs filed a motion to compel responses to their requests for admissions. On November 28, 2007, the Court granted Plaintiffs another extension of time in which to file a rebuttal memorandum in support of their motion for a protective order. The Court also granted Defendants an extension of time in which to respond to the Plaintiffs' motion to compel responses to their requests for admissions.

On January 9, 2008, Plaintiffs filed a motion to compel production of any discoverable materials regarding Defendants' contention that the fire was not intentionally set.

On February 11, 2008, Plaintiffs filed a motion to amend their complaint on the basis of newly discovered evidence and a motion to suspend all deadlines. As the basis of their motion to suspend all deadlines, Plaintiffs cited the following facts: one of Defendants' counsel of record had recently plead guilty to certain criminal charges, and the other had represented to Plaintiffs' counsel that he intended to seek permission to withdraw. As represented by Plaintiffs' counsel, Defendants remaining counsel of record filed a motion to withdraw the following day.

On March 3, 2008, the Court gave notice to the parties that a trial would commence on June 23, 2008. Further, the Court granted Defendants' counsel's motion to withdraw and granted Defendants thirty (30) days in which to either obtain new counsel or advise the court of their intention to proceed *pro se*. In the same Order, the Court granted Plaintiffs' motion to suspend all deadlines. The Court subsequently continued trial until December 15, 2008.

On April 9, 2008, the Court granted Defendants an additional thirty (30) days to obtain new counsel.

On April 14, 2008, the Court entered several orders addressing various pending motions. The Court (1) granted in part and denied in part the Defendants' Motion to Compel; (2) granted

Plaintiffs' Motion for a Protective Order as to Plaintiffs' previous counsel's file; (3) denied Defendants' Motion to Compel production of certain documents listed on the privilege log; (4) granted Plaintiffs' Motion to Compel Responses to their Requests for Admissions; (5) denied Plaintiffs' second Motion to Compel; and (6) granted Plaintiffs' motion to amend the Complaint.

On April 22, 2008, Defendants' counsel was terminated as an attorney of record. Thereafter, Plaintiffs filed an Amended Complaint. On May 2, 2008, Mona Pittman entered an appearance as attorney of record for the Defendants. On May 28, 2008, Defendants answered the Plaintiffs' Amended Complaint. Defendants did not assert any new counterclaims therein.

On November 17, 2008, the Court continued trial of this matter until July 27, 2009.

On November 26, 2008, the Plaintiffs filed a motion requesting that the Court establish a new scheduling order. On January 6, 2009, the Court set deadlines, including: discovery due April 1, 2009; Plaintiffs' designations due February 2, 2009; Defendants' designations due March 2, 2009; and dispositive motions due April 15, 2009.

On April 14, 2009, the Plaintiffs filed a motion to extend the motions deadline in order to file a Motion to Exclude the Testimony of Tom Gober. The following day, Plaintiffs filed a motion to extend the motions deadline (which was set for April 15, 2009), on the basis that Plaintiffs' counsel had issues related to his personal income tax returns. The Court granted the Motion for an extension of the motions deadline and set April 17, 2009, as the new motions deadline.

On or about April 17, 2009, Plaintiffs' counsel called the Court and requested that the deadline to file dispositive motions be extended until April 20, 2009. Defendants' counsel had no objection. The Court communicated to the parties that their *ex parte* request to file their dispositive motions by April 20, 2009, was granted.

Defendants filed their Motion for Summary Judgment on April 20, 2009. Also on that date,

Plaintiffs filed their Motion to Exclude the Expert Testimony of Tim Ryles [164]. On April 21, 2009, Plaintiffs filed their Motion for Summary Judgment.

On April 21, 2009, the Court granted the Plaintiffs' motion to extend the CMO deadlines with respect to a Motion to Exclude the testimony of Tom Gober. The motions deadline at that time was April 20, 2009.

On April 28, 2009, Defendants filed a Motion to Strike the Plaintiffs' Motion for Summary Judgment, on the basis that it was untimely filed.

On May 4, 2009, Defendants filed a Motion for an Extension of Time to file a response to the Plaintiffs' Motion for Summary Judgment, on the basis that the Court had yet to rule on the Defendants' Motion to Strike Plaintiff's Motion for Summary Judgment.

On May 5, 2009, the Court denied the Defendants' Motion to Strike the Plaintiffs' Motion for Summary Judgment and granted Defendants' Motion for an Extension of Time in which to file a response to Plaintiffs' Motion for Summary Judgment. Moreover, the Court warned the parties that no further extension would be considered by the Court.

On May 12, 2009, Plaintiffs filed a Motion for Leave to File a Sur-reply to Defendants' Motion for Summary Judgment.

On May 16, 2009, Plaintiffs filed a Motion to Exclude the Testimony of Thomas Gober [183].

On May 19, 2009, Plaintiffs filed a Motion for Leave to File a Rebuttal Brief in support of their Motion for Summary Judgment, in excess of the briefing page limit. On June 9, 2009, the Court granted their Motion to File a Sur-reply and denied their Motion to File a Rebuttal Brief in excess of the page limits.

On June 19, 2009, Plaintiffs filed ten (10) motions in limine [188-197]. On June 20, 2009,

Defendants filed four (4) motions in limine [198-201]. On that same day, Defendants filed a motion for an extension of time in which to file a motion in limine with respect to expert testimony by Rick Eley.

On June 25, 2009, the Court held a status conference with respect to the issue of whether this case would be tried by jury. The Court also asked counsel whether they expected the trial to last four days or five days. Counsel advised the Court that the estimated length of trial was five days.

On June 26, 2009, the Court granted Defendants' motion for an extension of time in which to file a motion in limine with respect to expert testimony by Rick Eley.

On June 29, 2009, the Court entered an Order [221] and Memorandum Opinion [222] granting the Plaintiffs' Motion for Summary Judgment as to Defendants' bad faith counterclaim, denying the Plaintiffs' Motion for Summary Judgment as to all other issues raised therein, and denying the Defendants' Motion for Summary Judgment.

On that same day, the Defendants entered a Notice of Jury Demand, in which they asserted, among other things, that trial of this case "should and must proceed as set forth in the Case Management Order."

The Final Pretrial Conference took place on June 30, 2009.

On July 2, 2009, Plaintiffs filed a Motion to Strike the Notice of Jury Demand filed by Defendants, and a Motion to Sever Claims for Trial.

On July 4, 2009, Defendants filed a motion in limine as to the expert testimony of Rick Eley [230].

On July 6, 2009, Plaintiffs filed a Motion for Partial Summary Judgment, as to the Defendants' fraud in the inducement counterclaim. On that same day, the Court entered an order setting a deadline of July 8, 2009, for Defendants' response to Plaintiffs' Motion to Strike and a

deadline of July 10, 2009, for Defendants' response to Plaintiffs' Motion for Partial Summary Judgment.

On July 7, 2009, Defendants filed a Motion to Strike the Plaintiffs' Motion for Partial Summary Judgment and for Sanctions. Defendants also filed a Motion for Clarification/Reconsideration [233]. On July 10, 2009, Defendants filed a second Motion to Strike and for Sanctions.

On July 10, 2009, the Court entered an Order denying the Defendants' Motions to Strike and for Sanctions [243]. The Court held that under the Rules of Civil Procedure, a defendant/counter-defendants was allowed to file a motion for summary judgment as to all or part of a claim against him or her at any time. The Court further amended its previous order and set July 20, 2009, as the Defendants' deadline for response to the Motion for Partial Summary Judgment, in accordance with Rule 56.

On July 14, 2009, Defendants filed a Motion to Supplement their response to Plaintiffs' Motion to Strike Jury Demand. The Court granted the motion to supplement on July 16, 2009.

On July 17, 2009, Defendants filed a Motion to Supplement their Motion for Clarification/Reconsideration. The Defendants also filed a Motion to Supplement their response to one of Plaintiffs' motions in limine. On July 20, 2009, the Court granted the Motion to Supplement their response to the motion in limine, and on July 22, 2009, the Court granted the Motion to Supplement their Motion for Clarification/Reconsideration.

On July 22, 2009, the Court entered an Order [251] granting the Plaintiffs' Motion for Partial Summary Judgment as to the Defendants' fraud in the inducement counterclaim.

On July 23, 2009, the Court held a conference call with counsel, in which the Court advised counsel that, pursuant to the Local Rules, Defendants' counsel had until July 27, 2009 - the date trial

was to begin - to file a rebuttal brief with respect to Defendants' Motion for Clarification/Reconsideration [233]. The Court advised Defendants' counsel that, should Defendants wish to file a rebuttal, the trial would be continued to July 28, 2009. Counsel advised the Court that they anticipated that at least seven, perhaps ten days would be required to conduct the trial. The Court reminded counsel that the pretrial order that had been submitted to the Court for approval stated that the length of trial would be five days and that counsel had represented to the Court during the status conference on June 25, 2009, that the estimated length of trial was five days.

Defendants' counsel represented that she would, in all likelihood, file a rebuttal brief in support of the pending Motion for Reconsideration/Clarification. The Court advised all counsel that the Court had been reviewing the pending motions, and that, after consideration of the Defendants' rebuttal, the Court could rule on the pending motions. The Court advised all counsel that it could not rule on the pending motions in limine until it had ruled on the Motion for Reconsideration/Clarification, in that issues raised in the Motion for Reconsideration/Clarification had bearing on the motions in limine. The Court also advised counsel that, as an alternative to Defendants' submission of a reply brief, if they wished to conduct oral argument on the Motion for Clarification/Reconsideration prior to trial on Monday, July 27, 2009, the Court could consider their arguments, issue an opinion, and perhaps still be able to complete voir dire on that same day. The Court proposed this alternative route for the express purpose of accommodating Defendants' counsel. During this teleconference, although counsel expressed the difficulty that proceeding to trial would pose, they did not request a continuance of trial.

At approximately 3:00 p.m. on the afternoon of July 23, 2009, counsel for both parties contacted the Court and indicated that they wished to continue the trial of this matter. Later that afternoon, at approximately 5:30 p.m., the Court notified counsel that it wished to conduct a

conference call on the record at 6:15 p.m. During that conference call, Defendants' counsel stated that she intended to file a rebuttal brief concerning Defendants' Motion for Clarification/Reconsideration on Monday, July 27, 2009.

Defendants' counsel also argued that she was entitled to file a motion for reconsideration of the Court's Order on Plaintiffs' Motion for Partial Summary Judgment. The Court candidly asked Defendants' counsel whether there was any new evidence with regard to the Motion for Partial Summary Judgment or whether Defendants' counsel could point to any clear error on the part of the Court. The Court indicated to Defendants' counsel that if any potential Motion for Reconsideration was going to be a mere re-urging of the same arguments already made, that the Court would likely deny it and leave the matter for an appellate court's consideration. The Court further advised counsel that the more time the Court was allowed to consider any filings before trial, the more consideration they would receive. The Court's ultimate decision was that trial would proceed on the morning of Tuesday, July 28, 2009. The Court issued a notice of trial [252] in accordance with that decision.

At 5:57 p.m. on July 24, 2009, the Defendants filed a Motion to Continue the trial of this matter. The Defendants argue that continuing the trial of this matter is necessary to further justice, judicial efficiency, judicial expediency, and judicial economy. Defendants argue that proceeding to trial could potentially waste resources and impose undue expense of bringing in experts whose testimony may yet be excluded from trial. Defendants further argue that trial must be continued to afford Defendants' counsel opportunity to decide whether or not Defendants wish to appeal any decisions of the Court or file further motions for reconsideration. Finally, Defendants argue that the trial must be continued to allow counsel time to adjust trial strategy. In support of their arguments, Defendants point out that they had no control over Plaintiffs' late filing of a Motion for Partial

Summary Judgment or over their previous counsel's indictment and conviction; they also cite the voluminous number of documents produced in this matter.

The Court denied Defendants' Motion to Continue in a Text Order on July 26, 2009.

## **II. Discussion**

The Court has given Defendants' arguments in favor of continuance all due consideration, but the Court is of the opinion that the time has come to try this case.

Through the date of this opinion, the Court has continued the trial of this matter twice (disregarding the rescheduling of trial upon the case's assignment to the undersigned and the Court's July 23, 2009, continuance) [103, 120]. Throughout the life of this case, the Court has allowed approximately twenty (20) extensions, sur-replies, or other requests to modify deadlines and/or filing procedures, including, but not limited to, multiple extensions of time for filing responses and/or replies [42, 44, 80, 81, 85, 86], extension of time in which to file an Answer [10], extension of time in which to file initial disclosures [22], extension of discovery deadlines [72], extension of time to obtain new counsel [107], amendment of the Complaint after the amendment deadline had passed [113], and extension of the motions deadline [163].

The Court notes that the parties to this matter have pursued their claims in an exceedingly litigious manner. The chief examples of the parties' combative postures are the motions to compel discovery responses [36, 75, 83, 92], requests for sanctions [232, 241], motions to strike [170, 225, 232, 241], motions to quash [145, 254], and the motion for a protective order [69] that the parties have felt it necessary to file.

Throughout the course of litigation, the Court has allowed the above-referenced extensions, continuances, supplements, and amendments so that the parties may exhaust their arguments, clearly present their cases to the Court, and create an appropriate record. Further, the Court has allowed

the filing of motions beyond deadlines in an attempt to clearly define and narrow the issues for trial.

The Court notes that this case was never considered for the "complex" litigation track. Rather, the case was assigned to the "standard" litigation track on April 18, 2007 [16], and again on January 6, 2009 [126].[1]

Plaintiffs' lead counsel, Marc Amos, has been a counsel of record in this case since December 7, 2006 [7]. Defendants' lead counsel, Mona Pittman, has been a counsel of record in this case since May 2, 2008 [115]. Both Plaintiffs' and Defendants' counsel have had at least fourteen (14) months to prepare. Both Plaintiffs' and Defendants' counsel have been very active in filing motions and in responding to motions. Both Plaintiffs' and Defendants' counsel have had sufficient notice of the nature of the claims involved in this lawsuit.

Defendants' argument that continuance of the trial of this matter is required to "adjust trial strategy, witnesses, etc." because of the pending motions is without merit. The basic issue of coverage under the policies has been an issue in this case since it was originally filed on July 31, 2006 [1]. The issues presented by the case have been narrowed, but the central issue of coverage has always been present. No new theories or claims have been asserted by the parties, and any actions taken by the Court have only narrowed the issues for trial, rather than enlarged them.

This Court dismissed Defendants' bad faith counterclaim on June 29, 2009. Defendants have had almost a month to adjust their trial strategy and prepare for the potential impact of that decision on their trial strategy, including the proposed testimony to be offered by their expert witnesses,

---

[1]Pursuant to Local Rule 1.3, cases assigned to the standard track "shall have a completion goal of twelve or fewer months or less after the filing of the first answer or other responsive pleading." UNIF. LOCAL R. 1.3(B). Cases assigned to the complex track "shall have a completion goal of no more than twenty-four months after filing of the first answer or other responsive pleading." UNIF. LOCAL R. 1.3(C). By comparison, this case is on track for completion over three years after the filing of the first answer or other responsive pleading.

which included opinions relevant to both bad faith and the underlying contractual issue. If granting summary judgment as to Defendants' bad faith counterclaim necessitated the overhaul of Defendants' case that they now assert is necessary, Defendants should have filed a Motion to Continue upon entry of the Court's opinion on the motions for summary judgment. Based upon the Court's ruling on the motions for summary judgment, the parties have had ample reason to anticipate this Court's potential exclusion of evidence relevant solely to the issue of bad faith.

Defendants' argument that the Court must continue trial because they are "entitled" to file a Motion for Reconsideration as to the Court's Order granting Plaintiffs' Motion for Partial Summary Judgment is likewise without merit. This Court has considerable discretion in deciding whether to grant a motion for reconsideration. Edward H. Bohlin Co. v. Banning Co., 6 F.3d 350, 355 (5th Cir. 1993). However, granting a motion for reconsideration "is an extraordinary remedy and should be used sparingly." In re Pequeno, 240 Fed. Appx. 634, 636 (5th Cir. 2007). "A motion to reconsider is not intended to give an unhappy litigant one additional chance to sway the judge." Morgan v. State, 2009 U.S. Dist. LEXIS 63525, *6 (S.D. Miss. June 23, 2009) (citing W.C. Bulley v. Fid. Fin. Servs. of Miss., Inc., 2000 WL 1349184, *3 (S.D. Miss. Sept. 8, 2000)). Indeed, "[m]otions for reconsideration should not be used to raise arguments that could have been made before the entry of judgment or to re-urge matters that have already been advanced by a party." Nationalist Movement v. Town of Jena, 2009 U.S. App. LEXIS 6833, *11 (5th Cir. Apr. 1, 2009) (citing Waltman v. Int'l Paper Co., 875 F.2d 468, 473 (5th Cir. 1989)).

The Court will not allow Defendants' speculation as to their filing of future motions to frustrate the trial schedule of a case, particularly in a case such as this one, in which the Complaint was filed three years ago, and in which the Court has already ordered two continuances of trial. Indeed, if the Court were required to delay proceedings on the chance that one of the parties may

wish to file a motion to reconsider or an appeal, or if the Court allowed parties to file motion after motion addressing the Court's reasoning on earlier motions, "it would render the entire briefing process irrelevant and lead to endless motions to reconsider." Morgan, 2009 U.S. Dist. LEXIS 63525 at *7.

The cases cited by Defendants in support of their Motion to Continue do not afford them any relief. In Prudhomme, the district court entered an order dismissing the plaintiffs' amended complaint, which included a strict liability cause of action that had not been asserted at any prior point in the proceedings. Prudhomme v. Tenneco Oil Co., 955 F.2d 390, 392 (5th Cir. 1992). Then, on the morning of the trial, the district court allowed the plaintiffs to amend their complaint and seek recovery on the basis of strict liability. Id. The Fifth Circuit Court of Appeals stated that requiring the defendant to proceed to trial on the issue of strict liability after an overt act of the district court had led the defendants to disregard that theory of the case was "fundamentally unfair and unreasonable, the very stuff of which abuse of discretion is made." Id. at 395. In fact, the Court stated that the district court's earlier dismissal of the amended complaint was "the linchpin of [the] case." Id. The Court limited its holding to "the circumstances of [that] case," in which the district court "unquestionably led [the defendant] to believe that no [strict liability] cause of action would be encountered at trial." Id. at 396.

In the present case, no overt action of this Court has misled the parties as to the issues at trial. On the contrary, the Court's Order and Opinion on the motions for summary judgment and its Order on the Motion for Partial Summary Judgment narrowed the issues for trial. The Court has not surprised the parties by allowing the assertion of new theories or claims, and the parties have had notice of the issues that this case will be tried upon since the Complaint was filed three years ago. Prudhomme is inapposite in that the present case neither involves an "overt act" on the part of the

Court that has misled the parties nor a last-minute expansion of the issues to encompass matters that the parties have heretofore not addressed.

Guillory, also cited by Defendants, is likewise inapplicable. In Guillory, a plaintiff sued his employer, the manufacturer of a forklift, and the manufacturer of components for the forklift for injuries the plaintiff sustained during the operation of said forklift. Guillory v. Domtar Indus. Inc., 95 F.3d 1320, 1325 (5th Cir. 1996). Forty-five days before trial, the district court granted the employer's motion for summary judgment, on the basis that workers' compensation was the plaintiffs' exclusive remedy because his injuries were sustained during the course and scope of employment. Id. Upon a jury's judgment in favor of the plaintiff, the forklift manufacturer was required to pay one hundred percent of the judgment - despite the jury's apportionment of fault between the employer and the manufacturer - due to Louisiana's law of solidary obligation. Id. at 1324. The forklift manufacturer argued that the district court's entry of summary judgment forty-five days before trial prejudiced its trial preparation and strategy. Id. at 1328.

The Fifth Circuit Court of Appeals acknowledged that "eleventh hour rulings can cause prejudice and function as an abuse of discretion." Id. The Court explained:

> [I]f the circumstances are such that a belated granting of summary judgment in favor of one defendant will prejudice the trial preparation of another defendant, the district court should continue the trial in order to allow an interlocutory appeal under 28 U.S.C. § 1291(b) or to allow time for the prejudiced defendant to adjust its trial strategy, witnesses, and evidence.

Id. at 1329. The Court recognized that "a belated summary judgment could cause prejudice where only one of several defendants obtains summary judgment," but it stated that no such prejudice or abuse of discretion happened in that case. Id.

Guillory, while supporting the general notion that a belated grant of summary judgment in favor of one defendant may prejudice another defendant, provides no further support for Defendants'

Motion to Continue.  In Guillory, the district court's belated grant of summary judgment was as to one defendant in a case that involved multiple defendants; granting summary judgment in favor of one of the defendants in such a case necessarily levels the entire weight of liability on the remaining defendant(s).  In a case where apportionment of liability is an issue - such as Guillory - late grants of summary judgment may prejudice the remaining defendants by not allowing them sufficient time to amend their trial preparation and strategy.

No such prejudice exists in the present case, in that there are essentially two parties in this case - Guideone and the Rocks.  Furthermore, the remaining issue in this case - whether or not coverage exists under the policies for the Defendants' insurance claims - has been an issue since the Complaint was filed three years ago.  The underlying contractual dispute has not been changed or altered in any way by the Court's orders on the Plaintiffs' Motion for Summary Judgment and Plaintiffs' Motion for Partial Summary Judgment.  Rather than drastically altering the issues for trial, necessitating amendment of trial strategy and evidence, the Court has, in fact, narrowed the issues for trial to one core issue of which the Defendants have been on notice for three years and for which they have had ample opportunity to prepare.

Defendants have had since June 29, 2009, to adjust their trial strategy and evidence to the narrowed issues of this case.  Regardless of that fact, the Defendants have been on notice of all the issues originally presented by this case since July 31, 2006.  Nothing the Court has done has expanded those issues to include matters the Defendants could reasonably be unprepared to address. If Defendants wished to seek a continuance of this matter for the reasons stated above, they should have done so immediately following the Court's entry of its Order on the Plaintiff's Motion for Summary Judgment on June 29, 2009, or at least immediately following  the Court's entry of its Order on the Plaintiff's Motion for Partial Summary Judgement on July 22, 2009, when it should

have been apparent to Defendants' counsel that the issues for trial would be narrower than those issues encompassed by the Complaint and Answer/Counter-Complaint. However, Defendants did not seek a continuance until approximately four days before trial was scheduled to begin.

The Court's responsibility for the management of its docket has wider implications than those only affecting the parties to this case. Another case was scheduled to go to trial the week of July 27, 2009, and, on July 21, 2009, prior to the filing of Defendants' Motion to Continue, the Court advised counsel in that case that its trial would be continued because the case *sub judice* was an older case. Had the Court been timely advised on this request for a continuance, it could have proceeded with the trial of another matter. This Court has the "inherent power to control the disposition of causes on its docket with economy of time and effort for itself, for counsel, and for litigants." United States v. Colomb, 419 F.3d 292, 299 (5th Cir. 2005) (citing Landis v. N. Am. Co., 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936)).

The Defendants' Motion to Continue is **DENIED**. Trial of this matter will commence at 9:40 a.m., Tuesday, July 28, 2009. Defendants' reply brief in support of their Motion for Clarification/Reconsideration is due today, Monday, July 27, 2009. The Court intends to release an opinion addressing the Motion for Clarification/Reconsideration and the pending evidentiary motions on the morning of July 28, 2009, after giving due consideration to the arguments in Defendants' above-referenced reply brief.

So ordered on this the 27th day of July, 2009.

/s/ Sharion Aycock
**UNITED STATES DISTRICT JUDGE**