**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**GUIDEONE MUTUAL INSURANCE COMPANY**
**and GUIDEONE AMERICA INSURANCE COMPANY**                    **PLAINTIFFS**

**V.**                                    **CIVIL ACTION NO. 1:06-CV-218-SA-JAD**

**KENNETH ROCK and JANET ROCK**                              **DEFENDANTS**

## ORDER

Before the Court are several evidentiary motions filed by each side of this case. The Court finds as follows.

### I. Background

On August 27, 2005, a home and two vehicles owned by the Defendants were destroyed by fire. At the time of the loss, the Defendants had a homeowners insurance policy and an automobile insurance policy issued by the Plaintiffs. The Defendants filed claims for the damage to the house, the contents of the house, and the vehicles under the subject policies.

On July 31, 2006, after conducting an investigation into the fire, the Plaintiffs denied the Defendants' claims. The Plaintiffs stated that they were rescinding the Defendants' homeowners policy because of a material misrepresentation in the homeowners policy application. Plaintiffs further stated that, had a homeowners policy been in force at the time of the loss, the claim would have been denied for the following reasons: breach of the "duties after loss" condition; the loss was excluded by the "intentional acts" exclusion; and the loss was excluded by the "fraud and concealment" exclusion. The Plaintiffs stated that the Defendants' claim under the automobile policy was denied and the policy declared void for the following reasons: breach of the "duties after loss" condition; the fire was not an accidental loss, and, therefore, was not covered; and the loss was

excluded by the "fraud" exclusion.

The Plaintiffs subsequently filed this declaratory judgment action requesting the Court find 1) that they are entitled to rescind the homeowners police and deny the claim under the homeowners policy; 2) alternatively, that they are entitled to declare the homeowners policy void and deny the claim under the homeowners policy; 3) that they are entitled to declare the automobile policy void, and otherwise, deny the claim under the automobile policy; and 4) that they are entitled to other general or special relief, including costs, expenses, and attorney's fees. The Defendants filed counterclaims of bad faith, breach of contract, and fraud in the inducement. The Court has granted summary judgment in favor of Plaintiffs as to all issues except the underlying breach of contract claim.

## II. <u>Daubert</u> Motions

Federal Rule of Evidence 702 allows testimony from "a witness qualified as an expert by knowledge, skill, experience, training, or education" if such testimony will assist the trier of fact and "(1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." FED. R. EVID. 702.

In <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993), the United States Supreme Court set out the criteria that district courts are to follow in assessing challenged expert testimony offered under Federal Rule of Evidence 702. The Court stated, "Proposed testimony must be supported by appropriate validation -- i.e., 'good grounds,' based on what is known. In short, the requirement that an expert's testimony pertains to 'scientific knowledge' establishes a standard of evidentiary reliability." <u>Id.</u> at 590, 113 S. Ct. 2786. Moreover,

the Supreme Court held that a trial court has a duty to screen expert testimony for both its relevance and reliability. Id., 113 S. Ct. 2786. An expert, to state an opinion, must have a "reliable basis in the knowledge and experience of his discipline." Id. at 592, 113 S. Ct. 2786. Thus, this Court must determine that the reasoning and methodology underlying the testimony is scientifically valid and that the reasoning and methodology can properly be applied to the facts in issue. Id. at 592-93, 113 S. Ct. 2786. Under Rule 703, an expert must base his opinion upon facts and data of a type reasonably relied upon by experts in the field. Id. at 595, 113 S. Ct. 2786.

Although the Supreme Court has suggested that the Daubert standard is a flexible one, the district court should "make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." Kumho Tire Co. v. Carmichael, 526 U.S. 137, 152, 143 L. Ed. 2d 238, 119 S. Ct. 1167 (1999); Daubert, 509 U.S. at 592, 113 S. Ct. 2786; Vogler v. Blackmore, 352 F.3d 150 (5th Cir. 2003).

Daubert also instructs the trial court on the procedural mechanics for resolving disputes relative to the expert's competence to testify under the standards enunciated in that opinion. That is, Daubert directs that the district court determine admissibility under Rule 702 by following the directions provided in Federal Rule of Evidence 104(a). Daubert, 509 U.S. at 592, 113 S. Ct. 2786. Rule 104(a) requires the trial judge to conduct preliminary fact-finding and make a "preliminary assessment of whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue." Id. at 592-93, 113 S. Ct. 2786.

The party sponsoring the expert testimony has the burden of showing that the expert's

findings and conclusions are based upon the scientific method and, therefore, are reliable. "This requires some objective, independent validation of the expert's methodology. The expert's assurances that he has utilized generally accepted scientific methodology is insufficient." <u>Moore v. Ashland Chemical, Inc.</u>, 151 F.3d 269, 276 (5th Cir. 1998). "The proponent[s] need not prove to the judge that the expert's opinion is correct, but [they] must prove by a preponderance of the evidence that the testimony is reliable." <u>Id</u>.

## A.    *Evidence Relevant Only to Punitive and/or Extra-Contractual Damages*

Preliminarily, the Court notes that pursuant to its Memorandum Opinion on the parties' Motions for Summary Judgment [222], Order on the Plaintiffs' Motion for Partial Summary Judgment [251], and Order on the Defendants' Motion for Clarification and Reconsideration [263], any expert testimony that is relevant to the issues of bad faith, punitive damages, or extra-contractual damages is excluded. "Expert testimony which does not relate to any issue in the case is not relevant and, ergo, nonhelpful." <u>Cole's Tool Works v. Am. Power Conversion Corp.</u>, 2009 U.S. Dist. LEXIS 45677, *3 (N.D. Miss. May 7, 2009) (citing <u>Daubert</u>, 509 U.S. at 591, 113 S. Ct. 2786).

## B.    *Motion to Exclude the Testimony of Tim Ryles [164]*

The Plaintiffs argue that the expert opinion testimony of Tim Ryles should be excluded as 1) he is not qualified as an expert; and 2) his opinion testimony is not reliable.

### 1.    *Qualification*

The Plaintiffs first argue that the expert testimony of Tim Ryles should be excluded as he is not qualified as an expert. They argue: (1) he has no formal education in the investigation and determination of the origin and cause of fires; (2) he has no formal course work in fire investigation; (3) he has no certifications from professional organizations that specifically address the investigation

of fires and determination of the origin and cause of fires; (4) he has no other education, experience, or training with respect to determining the origin and cause of fires, or the adequacy of any such investigation; (5) he has never provided an opinion regarding the origin and cause of a fire; (6) he has never been accepted as an expert in the determination of the adequacy of an origin and cause investigation of a fire; (7) he testified that he has no experience or training in fire dynamics.

Defendants aver that they are not offering Ryles as an expert in origin and cause investigations. Rather, Defendants assert that Ryles is being offered as an expert as to the following: (1) the totality of the circumstances surrounding the application process, underwriting process, claims handling process, and treatment of the Defendants by the Plaintiffs; (2) the relationship of those circumstances to the Plaintiffs' conclusion that the Defendants' polices were either void or rescinded; and (3) the effect of topics (1) and (2) on the Plaintiffs' decision to deny the Defendants' claims. The Defendants also assert that Ryles will testify as to the adequacy of the cause and origin investigation as it relates to his expert opinion on the three broad topics above.

Tim Ryles is a former Commissioner of Insurance for the state of Georgia. As Commissioner of Insurance, he was responsible for administering the laws and regulations concerning insurance in that state. He has participated in several committees for the National Association of Insurance Commissioners and appeared before Congress as a representative of that organization. He has given expert testimony in a host of matters in both state and federal courts. Ryles holds a Ph.D. in political science, and has undergone continuing education as to many aspects of the insurance industry. However, his credentials do not indicate any scientific or technical education. He has no certifications in the determination of the origin and cause of fires. Ryles admitted in deposition that he has never conducted an investigation into the origin and cause of a

fire, but he has supervised such investigations in an administrative capacity. He admitted that he does not hold himself out as an expert in determining the origin and cause of fires, and that he has no formal training in fire dynamics. Further, Ryles admitted that he is not an expert in cause and origin investigations. "When an expert witness honestly and forthrightly testifies that he is not qualified in a particular area, it is not an abuse of discretion for the court to find that the witness is unqualified, under Daubert, to provide an expert opinion in that area and to exclude such testimony." Shelter Ins. Cos. v. Ford Motor Co., 2006 U.S. App. LEXIS 31120, *7 (5th Cir. 2006). However, the Federal Rules of Evidence allow opinion testimony from a witness qualified as an expert by his experience. FED. R. EVID. 702. "A witness qualified as an expert is not strictly confined to his area of practice, but may testify concerning related applications; a lack of specialization does not affect the admissibility of the opinion, but only its weight." Cooper Tire & Rubber Co. v. Farese, 2008 U.S. Dist. LEXIS 99658, *8 (N.D. Miss. 2008); see also Lavespere v. Niagra Mach. & Tool Works, Inc., 910 F.2d 167, 176-77 (5th Cir. 1990) (abrogated on other grounds by Little v. Liquid Air Corp., 37 F.3d 1069 (5th Cir. 1996) (permitting mechanical engineer who never designed a press brake to testify as to the safety of the brake design)); Peteet v. Dow Chem. Co., 868 F.2d 1428, 1431 (5th Cir. 1989).

Ryles concedes he is not an expert in cause and origin investigations, but the Court finds he has extensive supervisory experience as to fire investigations. As such, his expert testimony as to the sufficiency of Mr. Eley's investigation is admissible, but his expert testimony as to the ultimate cause and origin of the fire is not admissible. Ryles' testimony may be offered as a rebuttal witness as to the manner and/or methodology of Mr. Eley's investigation. However, Ryles may not offer an opinion as to the accuracy of Mr. Eley's conclusion, and he may not offer his own opinion as to

the cause and origin of the fire.

　　　*2.　　Reliability*

　　Plaintiffs also argue that Mr. Ryles' expert testimony should be excluded because it is unreliable.　They assert that he has not performed any investigation in this case, been to the Defendants' home, interviewed any witnesses, or looked at any physical evidence.　Nevertheless, "A personal examination of the person or object of the expert's testimony is not required under" Federal Rule of Evidence 703.　Peteet, 868 F.2d at 1432; United States v. Avants, 367 F.3d 433, 447 (5th Cir. 2004).

　　　*3.　　Relevance*

　　Finally, the Court notes the topics that the Defendants assert Mr. Ryles will address are so broad that they necessarily include subjects irrelevant to the remaining issues of this case.　The Court's preliminary exclusion of any testimony relevant solely to bad faith, punitive damages, or extra-contractual damages applies to Mr. Ryles' testimony.

**C.　　Motion to Exclude the Testimony of Thomas D. Gober [183]**

　　Plaintiffs argue 1) that Thomas Gober is not qualified to offer expert testimony as to any issue relevant to this case, and 2) that Mr. Gober's opinion would not be helpful to a jury as it is largely irrelevant to the issues of this case and based on speculation and conjecture.

　　According to Gober's report, the Defendants are offering his expert opinion as to the Plaintiffs' treatment of the Defendants in the marketing, issuance, and administration of the subject policy; the Plaintiffs' handling of the Defendants' homeowners claim; and the adequacy of the Plaintiffs' oversight of its agents, adjustors, and experts as related to their compliance with Plaintiffs' own guidelines and state law.　The Defendants assert that they are offering Gober's

opinion testimony as to all relevant areas embraced by his report for which he is qualified. More specifically, Defendants assert that they are offering Gober's testimony as to whether the Plaintiffs lacked a legitimate basis for denial, and whether the Plaintiffs' stated reasons for denial are merely pretextual.

Few of the opinions stated in Gober's report are relevant to the underlying contractual issue that remains in this case. Gober's opinions almost exclusively concern the issue of whether the Plaintiffs' investigation and denial of the Defendants' claim constituted bad faith, although the report does address the issue of whether the Defendants' claims were covered under the relevant policies. As the Court has granted summary judgment in favor of the Plaintiffs on the issues of bad faith, punitive damages, and extra-contractual damages, any opinion testimony from Gober relevant only those issues would not "assist the trier of fact to understand the evidence or to determine a fact in issue." FED. R. EVID. 702.

Therefore, the Plantiffs' Motion to Exclude Gober's testimony is granted to the extent that his testimony pertains solely to the issues of bad faith, punitive damages, or extra-contractual damages. Further, as it is the Court's duty, not the jury's, to determine the meaning of and give effect to the clear and unambiguous provisions of the policies at issue, Gober's opinion as to whether or not the claims were covered by the policy would not be helpful to the jury, and it is also excluded. See Jackson v. Daley, 739, So. 2d 1031, 1041 (Miss. 1999) (citing Overstreet v. Allstate Ins. Co., 474 So. 2d 572 (Miss. 1985)); Noxubee County Sch. Dist. v. United Nat'l Ins. Co., 883 So. 2d 1159, 1165 (Miss. 2004) ("The interpretation of an insurance policy is a question of law, not one of fact.").

Gober's report and the Defendants' briefing also suggest that Defendants intend to offer expert opinion testimony from Gober as to issues that remain in this case, such as factual issues

surrounding the Defendants' financial history.  Plaintiffs' argue that Gober is not qualified to offer expert opinion testimony as to these issues.

Gober's credentials include certification as a "fraud examiner," prior certification as a "financial examiner," experience in forensic accounting, experience as a consultant to government agencies in investigations of insurance-related crime, and experience as an insurance examiner with the Mississippi Department of Insurance.  A "witness qualified as an expert is not strictly confined to his area of practice, but may testify concerning related applications; 'a lack of specialization does not affect the admissibility of the opinion, but only its weight.'" Meadowcrest Living Ctr., LLC v. Hanover Ins. Co., 2008 U.S. Dist. LEXIS 57977, 2008 WL 2959707 (E.D. La. July 30, 2008) (citing Wheeler v. John Deere Co., 935 F.2d 1090, 1100 (10th Cir. 1991)); Lavespere v. Niagra Mach. & Tool Works, Inc., 910 F.2d 167, 176-77 (5 Cir. 1990) (abrogated on other grounds by Little v. Liquid Air Corp., 37 F.3d 1069 (5th Cir. 1996)) (permitting mechanical engineer who never designed a press brake to testify as to safety of brake design).  Gober's expert testimony as to the forensic accounting analysis acquired by the Plaintiffs is, therefore, admissible.

Plaintiffs also argue that Gober's opinions are unreliable in that they are not based in fact. According to Gober's report, he was provided the claim materials, depositions, policies, and statements related to this case.  Those documents provide sufficient factual basis for him to give the expert testimony that the Court has concluded is admissible.

**D.**     ***Motion to Limit the Testimony of Rick Eley [230]***

Defendants argue that the Court should exclude any testimony from the Plaintiffs' origin and cause expert that the fire at issue was not caused by an electrical problem.  Defendants point out that Eley performed no electrical testing on their appliances; rather, he only looked at them and made

sure the controls were set to the off position.  Instead, Eley retained an electrical engineer to perform

an analysis and provide an opinion as to what caused the fire.  Defendants argue that the opinions

of that electrical engineer, Mr. Lonnie Buie, are inadmissible hearsay.  Buie is now deceased.

The Federal Rules of Evidence provide:

> The facts or data in a particular case upon which an expert bases an opinion or
> inference may be those perceived by or made known to the expert at or before the
> hearing.  If, of a type reasonably relied upon by experts in the particular field in
> forming opinions or inferences upon the subject, the facts or data need not be
> admissible in evidence in order for the opinion or inference to be admitted.  Facts or
> data that are otherwise inadmissible shall not be disclosed to the jury by the
> proponent of the opinion or inference unless the court determines that their probative
> value in assisting the jury to evaluate the expert's opinion substantially outweighs
> their prejudicial effect.

FED. R. EVID. 703.

 "A personal examination of the person or object of the expert's testimony is not required

under" Federal Rule of Evidence 703.  Peteet, 868 F.2d at 1432; United States v. Avants, 367 F.3d

433, 447 (5th Cir. 2004).

The only other basis that the Defendants raise for the exclusion of Mr. Eley's opinion

regarding possible electrical causes of the fire is that Buie's opinion - which, in part, formed the

basis of Mr. Eley's opinion - is inadmissible hearsay.  The Court notes that even if it were

inadmissible hearsay, its inadmissibility would pose no barrier to the admissibility of Eley's opinion,

if Buie's opinion is of a type reasonably relied on by experts in Eley's particular field.  FED. R. EVID.

703.  As the Defendants do not allege that Buie's opinion is not the type of information reasonably

relied upon by those in Eley's field, their Motion in Limine to exclude Mr. Eley's testimony as to

this subject is denied.

### III. Motions in Limine

**A.**      *Plaintiffs' Motion in Limine to Exclude References to Plaintiffs' Alleged Motivation to Deny the Defendants' Claim [188]*

Plaintiffs move that any and all evidence, mention, or reference pertaining to its alleged motivation to deny the Defendants' claim to avoid an adverse rating by A.M. Best be excluded from trial. Plaintiffs contend testimony as to its alleged motivation is irrelevant and would be based solely on conjecture and speculation. Defendants respond that Plaintiffs' A.M. Best rating and report were relevant to Gober's expert opinion that Plaintiffs had motivation to wrongly deny their claim.

The Court granted summary judgment in favor of the Plaintiffs as to any counterclaims by the Defendants that would entitle them to punitive damages and/or extra-contractual damages. Therefore, any evidence as to Plaintiffs' alleged motivation to avoid an adverse A.M. Best rating is irrelevant to the remaining contractual dispute. Plaintiffs' Motion in Limine to exclude reference to such an alleged motivation is granted.

**B.**      *Plaintiffs' Motion in Limine to Exclude Testimony Regarding the "Riskiness" of Their Decision to Deny the Defendants' Claim [189]*

Plaintiffs move that any and all evidence of and/or reference to the "riskiness" of their decision to deny the Defendants' claim be excluded from trial. Plaintiffs argue that such testimony, as they anticipate one of Defendants' expert witness will offer, is irrelevant and highly inflammatory. Defendants respond that they are offering Gober's testimony on this subject to assist the jury in determining which actions of the Plaintiffs may have been evidence of bad faith.

The Court granted summary judgment in favor of the Plaintiffs as to any counterclaims by

the Defendants that would entitled them to punitive damages and/or extra-contractual damages, including their counterclaim of bad faith. Further, the Court granted the Plaintiffs' <u>Daubert</u> motion with respect to any of Gober's opinions that are relevant to those issues. Therefore, Gober's testimony as to the "riskiness" of the Plaintiffs' decision to deny the Defendants' claim would be irrelevant to the contractual issue remaining in this case. The Plaintiffs' motion to exclude such reference is granted.

**C.** ***Plaintiffs' Motion in Limine to Exclude Evidence Regarding Other Claims or Litigation [190]***

Plaintiffs move that any evidence of and/or reference to other claims or litigation other than the subject claims and litigation be excluded from trial on the basis that it is irrelevant and its probative value is substantially outweighed by the potential for undue prejudice. The Defendants did not respond.

Evidence of other insurance claims and/or lawsuits is irrelevant to this case and therefore inadmissible. <u>Barnes v. Koppers, Inc.</u>, 2006 U.S. Dist. LEXIS 22771, *14 (N.D. Miss. Apr. 11, 2006). However, the Court's decision on this motion in limine is subject to the Court's decision on Defendants' motion in limine with regard to evidence of their prior fire loss [200].

**D.** ***Plaintiffs' Motion in Limine to Exclude Testimony Regarding the Adequacy of Guideone's Investigation as to the Identity of Any Potential Arsonist [191]***

Plaintiffs move that any testimony by Defendants' expert witness, Tim Ryles, as to the adequacy of Plaintiffs' investigation into the identity of any potential arsonist be excluded on the basis that Ryles' opinion is based solely on speculation and conjecture. Defendants respond that the adequacy of Plaintiffs' investigation into the potential identity of potential arsonists is relevant to

the issue of bad faith.

Plaintiffs' motion in limine on this point is granted as it applies to any potential testimony on this subject offered solely for purposes of showing that the Plaintiffs are guilty of bad faith and/or that Defendants are entitled to punitive damages and/or extra-contractual damages. However, Plaintiffs' motion in limine is denied as it applies to Ryles' testimony on this issue that is relevant to rebut the testimony of Eley, within the limitations the Court outlined above in its decision on Plaintiffs' Motion to Exclude the Testimony of Tim Ryles [164].

**E.** ***Plaintiffs' Motion in Limine to Exclude Any Testimony That the Underlying Fire Was Not Incendiary In Nature [192]***

Plaintiffs argue that one of Defendants' experts - Gober - specifically testified that he was not qualified to offer an opinion as to whether or not the fire was incendiary in nature and that the other expert - Ryles - has previously testified that he did not know whether the fire was incendiary in nature and was not offering an opinion on that subject. Plaintiffs further argue that the only competent proof on the subject is expert testimony. Defendants respond that a blanket exclusion of evidence on this topic would prevent the jury from making proper credibility determinations and prevent them from fully cross-examining Eley, Plaintiffs' origin and cause expert.

As the Court stated above, Ryles' testimony may be offered as a rebuttal and/or credibility witness to Eley's investigation. However, Ryles may not offer an opinion as to the accuracy of Eley's conclusion, and he may not offer his own opinion as to the cause and origin of the fire. However, as Ryles' testimony may be offered as a rebuttal witness to Eley's testimony within the parameters the Court outlines above, the Court will not exclude *all* evidence suggesting that the fire was not incendiary. While Ryles may not express an opinion on that topic, he may express an

13

opinion as to Eley's methodology in reaching an opinion on that topic.

Gober has admitted that he is not qualified to offer an opinion on the topic of whether or not the fire was incendiary in nature. Further, Defendants are not offering him as an expert witness to rebut the Plaintiffs' origin and cause expert. For those reasons, Plaintiffs' motion in limine on this point is granted as it pertains to Tom Gober.

**F.** ***Plaintiffs' Motion in Limine to Exclude Evidence Regarding Its Financial Condition [193]***

Plaintiffs move for the Court to exclude any and all evidence of and/or reference to Plaintiffs' financial condition, arguing that such evidence is irrelevant and would unfairly prejudice the jury. The Defendants did not respond.

The Court granted summary judgment in favor of the Plaintiffs as to any counterclaims by the Defendants that would entitle them to punitive damages and/or extra-contractual damages. Therefore, any evidence as to the Plaintiffs' financial condition is irrelevant to the issues remaining in this case, and the Plaintiffs' motion in limine on this point is granted. See Beck v. Koppers, Inc., 2006 U.S. Dist. LEXIS 16168, *7 (N.D. Miss. Apr. 3, 2006) (evidence of net worth and financial status are only relevant to punitive damages); Holland v. Mayfield, 826 So. 2d 664, 676 (Miss. 1999) (citing Miss. Code. Ann. § 11-1-65); Smith v. Orman, 822 So. 2d 975, 980 (Miss. Ct. App. 2002).

**G.** ***Plaintiffs' Motion in Limine to Exclude Evidence Regarding Defendants' Physical, Mental, or Other Extra-Contractual Damages [194]***

As the Court granted summary judgment in favor of the Plaintiffs as to any counterclaims by the Defendants that would entitle them to punitive and/or extra-contractual damages, any evidence regarding Defendants' physical, mental, or other extra-contractual damages is irrelevant

to the remaining contractual dispute.  The Plaintiffs' motion in limine on this issue is granted.

**H.**     ***Plaintiffs' Motion in Limine to Exclude Market Conduct Studies [195]***

Plaintiffs argue that evidence of market conduct studies is irrelevant and that it would unfairly prejudice the jury.  Defendants respond that the market conduct studies are relevant to the issue of bad faith.

As the Court granted summary judgment in favor of the Plaintiffs as to any counterclaims by the Defendants that would entitle them to punitive and/or extra-contractual damages, any evidence regarding market conduct studies is irrelevant to the remaining contractual dispute.  The Plaintiffs' motion in limine on this issue is granted.

**I.**     ***Plaintiffs' Motion in Limine to Exclude Testimony As to Whether Its Underwriting Department Should Have Verified If Applicants Had Been Convicted of a Crime Prior to Issuing the Policy [196]***

Plaintiffs argue that any evidence concerning whether their underwriting department should have verified whether the Defendants had been convicted of a crime prior to issuing the policies should be excluded from trial, on the basis that it is irrelevant and would unfairly prejudice the jury. Defendants respond that evidence of whether Plaintiffs verified the answer on Defendants' insurance application concerning criminal history is relevant to whether any alleged misrepresentation of criminal history on the application was material.

As the Court granted summary judgment in favor of the Plaintiffs as to any counterclaims by the Defendants that would entitle them to punitive and/or extra-contractual damages, any expert testimony regarding whether the Plaintiffs should have verified if the Defendants had any prior criminal convictions is irrelevant to the remaining contractual dispute.  Therefore, the Plaintiffs'

motion in limine on this issue is granted insofar as it is worded.

Nevertheless, whether Plaintiffs' *did* verify the Defendants' criminal history is relevant to whether any misrepresentation of such was material to the Plaintiffs. Exclusion of testimony as to whether Plaintiffs *should* have verified said information does not exclude testimony as to whether Plaintiffs *did*, in fact, verify such information, and Defendants will be permitted to cross-examine the relevant witnesses on this point.

**J.**     ***Plaintiffs' Motion in Limine to Exclude Evidence of NAIC Guidelines for the Adjustment of Claims [197]***

Plaintiffs move for the exclusion of any evidence or argument pertaining to the National Association of Insurance Commissioners' Model Law, Regulations and Guidelines for the adjustment of claims ("NAIC Guidelines"), on the basis that no NAIC Guidelines were produced during discovery, they are irrelevant, and they would unfairly prejudice the jury. Defendants respond that Plaintiffs never formally requested the disputed materials, that the materials are public record, and that the NAIC Guidelines are a learned treatise upon which their expert, Gober, relied in formulating his opinions in this cause.

The Defendants assert that they are offering Gober's opinion testimony as to all relevant areas embraced by his report for which he is qualified. More specifically, Defendants assert that they are offering Gober's testimony as to whether the Plaintiffs lacked a legitimate basis for denial, and whether the Plaintiffs' stated reasons for denial are merely pretextual. The Court granted summary judgment in favor of the Plaintiffs as to any counterclaims by the Defendants that would entitle them to punitive and/or extra-contractual damages, including the Defendants' bad faith counterclaim. The Court notes that the information within the NAIC Guidelines that Gober cites

as relevant to his expert opinion is solely related to the issue of bad faith. Therefore, Plaintiffs' motion in limine is granted.

**K.      *Defendants' Motion in Limine to Exclude Evidence of Defendants' Bankruptcy [198]***

Defendants move that evidence of their bankruptcy should be excluded from trial, as it is irrelevant to this case and any probative value offered by such evidence would be substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury. Plaintiffs respond that evidence of the bankruptcy is important, as it is relevant to the Defendants' credibility and as a baseline for analysis of Defendants' financial condition. Plaintiffs specifically state that they have no intention of impugning the Defendants' character merely because they filed bankruptcy.

Federal Rule of Evidence 404 states:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

FED. R. EVID. 404(b). Therefore, pursuant to the exception of Rule 404(b) for "proof of motive," Defendants' motion in limine on this point is denied, subject to further consideration by the Court after the parties' arguments on Rule 403 considerations outside the presence of the jury.

**L.      *Defendants' Motion in Limine to Exclude Evidence of Their Previous Counsel [199]***

Defendants move to exclude evidence of their previous counsel on the basis that such evidence is irrelevant and that its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury. Plaintiffs respond that Defendants' previous counsel's name appears on numerous documents they will seek to introduce at trial. Plaintiffs also argue that they will seek to introduce evidence of representations made to them by

Defendants' previous counsel that influenced their decision to deny Defendants' claims.

Evidence of the identity of Defendant's previous counsel is irrelevant to the issues remaining in this case. However, the mere presence of Defendants' previous counsel's name - by way of letterhead, signature, or some other form - on an otherwise relevant and admissible document will not necessarily bar that document's admission. The Court directs the parties to redact the name of Defendants' previous counsel and the firm, if possible, without destroying the purpose for which each particular document is being introduced. Therefore, to the extent that Defendants seek the exclusion of otherwise relevant documents which have been properly redacted, solely because they otherwise identify Defendants' previous counsel, their motion in limine is denied. If, after redaction of the previous counsel's identity, the Defendants have further objections to specific documents to be offered into evidence by the Plaintiffs, they may make objections on a case-by-case basis at trial.

The Court further orders that Plaintiffs may not draw attention to or reference the identity or notoriety of Defendants' previous counsel at any point during trial. However, the Court's ruling on this point is subject to its ruling on Defendants' motion in limine as it applies to alleged representations made to Plaintiffs' counsel that contributed to the decision to deny coverage. Without more information, the Court is unable to address that issue. If the parties wish to revisit this issue, they are free to raise it at trial.

Because the identity of Defendants' previous counsel is irrelevant to the contractual issue remaining in this case, the Defendants' motion in limine is granted except as to the narrow grounds outlined above.

**M.      *Defendants' Motion in Limine to Exclude Evidence of Their Prior Fire Loss [200]***

Defendants move that evidence of their fire prior loss be excluded from trial on the basis that

such evidence is irrelevant to the issues in this case and any probative value served by its introduction is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury. Plaintiffs respond that the prior fire loss is relevant in that it was a substantial factor in the opinion of Plaintiffs' forensic accountant. Plaintiffs argue that the prior loss formed a baseline for their comparison of Defendants' reported income and personal property inventory.

Federal Rule of Evidence 404 states:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Fed. R. Evid. 404(b). Therefore, Defendants motion in limine is granted to the extent that the Plaintiffs are offering evidence of the Defendants' prior fire loss claim to "prove the character of [Defendants] in order to show that [they] acted in conformity therewith."

The Plaintiffs are also offering evidence of the Defendants' prior fire loss claim to establish certain facts regarding their financial history. When determining the admissibility of evidence under Rule 404(b), the Court must first determine that the extrinsic evidence is relevant to another issue in the case other than the party's character. Smith, 633 F.2d at 403. "[T]he two acts must be significantly similar with respect to the issue to which the evidence of the extrinsic act is addressed, and there must be evidence showing that the extrinsic act in fact occurred and the person accused of committing the act in fact did so." Id. If the Court determines the extrinsic evidence is relevant to an issue beyond the party's character, the Court must decide if the evidence meets the requirements of Rule 403. Id.

The two acts at issue here - filing of insurance claims after a fire loss - are very similar.

Further, evidence of the prior loss is relevant to the amount of Defendants' assets and income, in that it provides a baseline for comparison of their claimed property and their income. Any prejudice that may be caused by the admission of such evidence can be remedied by a limiting instruction as to the proper purpose of the evidence. The Court invites the parties to submit a proposed limiting instruction. Therefore, the Defendants' motion is granted with respect to the extent that Plaintiffs are offering evidence of the Defendants' prior fire loss claim to "prove the character of [Defendants] in order to show that [they] acted in conformity therewith," but it is otherwise denied.

N. ***Defendants' Motion to Exclude Evidence of Kenneth Rock's Criminal History Occurring After the Initiation of This Litigation [201]***

Defendants move to exclude any evidence of or reference to Defendant Kenneth Rock's criminal history occurring after the initiation of this litigation, on the basis that such matters are wholly irrelevant to the issues of this cause of action and their admission would be unfairly prejudicial to Defendants. Plaintiffs respond that evidence of Rock's criminal history is admissible under Rule 609 of the Federal Rules of Evidence, and they argue that it is relevant and admissible as to the issue of whether the Defendants concealed material facts during the investigation of the claim.

Rule 609 states:

For the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime shall be admitted if elicited from the witness or established by public record during cross-examination but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant, or (2) involved dishonesty or false statement regardless of the punishment.

Fed. R. Evid. 609(a). In 2003, Rock was indicted for burglary of a dwelling, grand larceny, and

conspiracy. On March 22, 2009, he plead guilty to the crime of grand larceny, and he was sentenced to ten years in jail. His sentence was suspended as to the term of imprisonment, although he was still required to pay restitution.

The Court first notes that Fifth Circuit law is clear that felony theft is not a crime involving dishonesty that can be used for impeachment under Rule 609(a)(2). Coursey v. Broadhurst, 888 F.2d 338, 342 (5th Cir. 1989) (citing Howard v. Gonzalez, 658 F.2d 352, 358-59 (5th Cir. 1981)). Therefore, if this evidence is admissible, it must come in under Rule 609(a)(1).

Grand larceny carries a maximum sentence of ten years in Mississippi. Miss. Code Ann. § 97-17-41(1). When determining the applicability of Rule 609(a)(1), the Court is to apply the term of imprisonment by which the crime is punishable under state law - not the term that the witness actually served after part of the sentence was suspended. Smith v. Tidewater Marine Towing, 927 F.2d 838, 840 (5th Cir. 1991). Therefore, Rock's grand larceny conviction carries the requisite sentence.

The Fifth Circuit Court of Appeals has held that "Rule 609(a)(1) requires a trial judge to permit impeachment of a civil witness with evidence of prior felony convictions regardless of ensuant unfair prejudice to the witness or the party offering the testimony." Coursey, 888 F.2d at 342. The Court's arrival at this conclusion was dictated by the United States Supreme Court's holding that the term "defendant" in Rule 609(a)(1) means "criminal defendant," and, therefore, the "prejudice-weighing prerequisite to admissibility of felony convictions applies only in criminal trials." Id. (citing Green v. Bock Laundry Machine Co., 490 U.S. 504, 521, 109 S. Ct. 1981, 104 L. Ed. 2d 557 (1989)). The specific mandate of Rule 609 that evidence "shall be admitted" removes the trial court's discretionary authority as to this issue. Id.

Accordingly, the Defendants' motion in limine to exclude evidence of Kenneth Rock's criminal history after the initiation of this litigation is denied.

## IV. Conclusion

For the reasons stated above:

1) Plaintiffs' Motion to Exclude the Testimony of Tim Ryles [164] is **GRANTED IN PART AND DENIED IN PART**;

2) Plaintiffs' Motion to Exclude the Testimony of Thomas Gober [183] is **GRANTED IN PART AND DENIED IN PART**;

3) Defendants' Motion to Exclude the Testimony of Rick Eley [230] is **DENIED**;

4) Plaintiffs' Motion in Limine to Exclude References to Plaintiffs' Alleged Motivation to Deny the Defendants' Claim [188] is **GRANTED**;

5) Plaintiffs' Motion in Limine to Exclude Testimony Regarding the "Riskiness" of Their Decision to Deny the Defendants' Claim [189] is **GRANTED**;

6) Plaintiffs' Motion in Limine to Exclude Evidence Regarding Other Claims or Litigation [190] is **GRANTED**;

7) Plaintiffs' Motion in Limine to Exclude Testimony Regarding the Adequacy of Guideone's Investigation as to the Identity of Any Potential Arsonist [191] is **GRANTED IN PART AND DENIED IN PART**;

8) Plaintiffs' Motion in Limine to Exclude Any Testimony That the Underlying Fire Was Not Incendiary In Nature [192] is **GRANTED IN PART AND DENIED IN PART**;

9) Plaintiffs' Motion in Limine to Exclude Evidence Regarding Its Financial Condition

[193] is **GRANTED**;

10) Plaintiffs' Motion in Limine to Exclude Evidence Regarding Defendants' Physical, Mental, or Other Extra-Contractual Damages [194] is **GRANTED**;

11) Plaintiffs' Motion in Limine to Exclude Market Conduct Studies [195] is **GRANTED**;

12) Plaintiffs' Motion in Limine to Exclude Testimony As to Whether Its Underwriting Department Should Have Verified If Applicants Had Been Convicted of a Crime Prior to Issuing the Policy [196] is **GRANTED**;

13) Plaintiffs' Motion in Limine to Exclude Evidence of NAIC Guidelines for the Adjustment of Claims [197] is **GRANTED**;

14) Defendants' Motion in Limine to Exclude Evidence of Defendants' Bankruptcy [198] is **DENIED**, subject to Rule 403 balancing to be conducted on the record outside the presence of the jury;

15) Defendants' Motion in Limine to Exclude Evidence of Their Previous Counsel [199] is **GRANTED IN PART**;

16) Defendants' Motion in Limine to Exclude Evidence of Their Prior Fire Loss [200] is **GRANTED IN PART AND DENIED IN PART**;

17) Defendants' Motion to Exclude Evidence of Kenneth Rock's Criminal History Occurring After the Initiation of This Litigation [201] is **DENIED.**

So ordered on this, the 28th day of July, 2009.

/s/ Sharion Aycock
**UNITED STATES DISTRICT JUDGE**